1

2

3

4

5        **UNITED STATES DISTRICT COURT**

6        **EASTERN DISTRICT OF WASHINGTON**

7  MARY CAMACHO,                          No. 1:15-CV-3150-MKD

8              Plaintiff,                 ORDER GRANTING PLAINTIFF'S
                                          MOTION FOR SUMMARY
9       vs.                               JUDGMENT AND DENYING
                                          DEFENDANT'S MOTION FOR
10 CAROLYN W. COLVIN,                     SUMMARY JUDGMENT

11 Acting Commissioner of Social Security, ECF Nos. 16, 20

12             Defendant.

13       BEFORE THE COURT are the parties' cross-motions for summary

14 judgment.  ECF Nos. 16, 20.  The parties consented to proceed before a magistrate

15 judge.  ECF No. 6.  The Court, having reviewed the administrative record and the

16 parties' briefing, is fully informed.  For the reasons discussed below, the Court

17 grants Plaintiff's motion (ECF No. 16) and denies Defendant's motion (ECF No.

18 20).

19

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shineski v. Sanders*, 556 U.S. 396, 409-410 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

1   416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

2   Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

3   404.1520(b); 416.920(b).

4        If the claimant is not engaged in substantial gainful activity, the analysis

5   proceeds to step two.  At this step, the Commissioner considers the severity of the

6   claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

7   claimant suffers from "any impairment or combination of impairments which

8   significantly limits [his or her] physical or mental ability to do basic work

9   activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

10  416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

11  however, the Commissioner must find that the claimant is not disabled.  20 C.F.R.

12  §§ 404.1520(c); 416.920(c).

13       At step three, the Commissioner compares the claimant's impairment to

14  severe impairments recognized by the Commissioner to be so severe as to preclude

15  a person from engaging in substantial gainful activity.  20 C.F.R. §§

16  404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

17  severe than one of the enumerated impairments, the Commissioner must find the

18  claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

19       If the severity of the claimant's impairment does not meet or exceed the

20  severity of the enumerated impairments, the Commissioner must pause to assess

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1   the claimant's "residual functional capacity."  Residual functional capacity (RFC),

2   defined generally as the claimant's ability to perform physical and mental work

3   activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

4   404.1545(a)(1); 416.945(a)(1), is relevant to both the fourth and fifth steps of the

5   analysis.

6        At step four, the Commissioner considers whether, in view of the claimant's

7   RFC, the claimant is capable of performing work that he or she has performed in

8   the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

9   If the claimant is capable of performing past relevant work, the Commissioner

10  must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).

11  If the claimant is incapable of performing such work, the analysis proceeds to step

12  five.

13       At step five, the Commissioner considers whether, in view of the claimant's

14  RFC, the claimant is capable of performing other work in the national economy.

15  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

16  the Commissioner must also consider vocational factors such as the claimant's age,

17  education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v);

18  416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

19  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

20  404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.920(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## PROCEDURAL HISTORY

Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income on February 23, 2004, alleging onset beginning June 1, 2001.  Tr. 20.  The applications were denied initially, Tr. 20, 896, and upon reconsideration, Tr. 20, 901.  Plaintiff appeared for a hearing before an administrative law judge (ALJ) on May 25, and December 12, 2007.  Tr. 20, 571-594, 595-599.  ALJ Say issued a partially favorable decision on March 12, 2008, awarding Plaintiff supplemental security income but denying her claim for disability insurance benefits because she did not become disabled until December 15, 2003, some 14 months after her date last insured (DLI).  Tr. 20-23.

On March 21, 2008, Plaintiff appealed the ALJ's decision denying her disability insurance benefits.  Tr. 559-560.  The Appeals Council accepted review

in 2010 and, upon review, revised Plaintiff's disability date from December 15,

2003, to December 9, 2004.  Tr. 13-15.

Plaintiff appealed the Commissioner's decision to this Court and, after

briefing by Plaintiff, the parties stipulated to remand.  Tr. 622-623.  The Court

granted the parties' motion on February 9, 2012, and directed the ALJ to evaluate a

2007 medical opinion, further evaluate Plaintiff's alleged mental impairments,

reassess her credibility and residual functional capacity, and obtain medical expert

testimony.  Tr. 624-626.

In October 2012, ALJ Dethloff held a hearing to determine whether Plaintiff

was disabled at some point prior to December 8, 2004.  Tr. 604-605.  At the

hearing, Plaintiff amended her alleged onset date to her DLI: September 30, 2002.

Tr. 604.  ALJ Dethloff found Plaintiff was not disabled prior to December 9, 2004.

Tr. 618.  Because this was after Plaintiff's DLI, he denied her claim for disability

insurance benefits.  *Id*.  He also denied Plaintiff's claim for supplemental security

income prior to December 2004.  *Id.*

In January 2013, Plaintiff again appealed.  Tr. 772-779.  After briefing, the

parties stipulated to remand.  *Camacho v. Colvin*, 13-CV-3002 (E.D. Wa. Oct. 17,

2013) ECF No. 24.  "Based on the parties' stipulation," this Court reversed and

remanded the Commissioner's decision "to the Commissioner of Social Security

for a *de novo* hearing pursuant to sentence four of 42 U.S.C. § 405(g)."  *Camacho*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

*v. Colvin*, 13-CV-3002 (E.D. Wa. Oct. 17, 2013) ECF No. 25 at 1-2 (Remand

Order).  Further, the Court ordered:

> On remand, the administrative law judge (ALJ) will further develop
> the record with a *de novo* hearing, and Plaintiff may raise any issue;
> the ALJ will only consider the period prior to the established onset
> date of December 9, 2004; the ALJ will take testimony from a
> medical expert, who can opine on the onset date of Plaintiff's
> disabling heart condition, and continue the sequential evaluation
> process, obtaining supplemental vocational expert testimony as
> necessary; the ALJ will issue a new decision.

*Id.*

On remand ALJ Martz conducted a hearing on February 17, 2015, where

Plaintiff testified along with impartial medical expert and cardiac specialist

Subramaniam Krishnamurth, M.D., and vocational expert Kimberly Mullinax.  Tr.

761.  Because ALJ Martz found "the issue on remand is very narrow, limited only

to the onset date of the claimant's disabling heart condition, [she] adopted ALJ

Dethloff's October 19, 2012 decision in its entirety, to the extent it is not

inconsistent with the order of the Appeals Council and [her] following decision."

Tr. 761.

As a threshold matter, the ALJ found Plaintiff met the insured status

requirement through September 30, 2002.  Tr. 761.  At step one, the ALJ found

Plaintiff has not engaged in substantial gainful activity since September 30, 2002.

*Id.*  At step two, the ALJ found Plaintiff had the following severe impairments:

obesity and rheumatic aortal and mitral valve disease with status, post-

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

replacements in 1999. *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 765. The ALJ then concluded that the Plaintiff had the RFC to perform light work, with additional limitations. *Id.* At step four, the ALJ found Plaintiff could not perform any past relevant work. Tr. 769. At step-five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were jobs in significant numbers in the national economy that Plaintiff could have performed, such as storage facility rental clerk, furniture rental consultant, and document preparer. Tr. 770. On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act from September 30, 2002, through December 9, 2004. Tr. 770.

The Appeals Council did not assume jurisdiction of the case, making ALJ Martz's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1484.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. ECF No. 16. Plaintiff raises the following issues for this Court's review:

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

1.   Whether the ALJ erred by failing to conduct a *de novo hearing* as Chief Judge Thomas O. Rice ordered; and

2.   Whether the ALJ properly weighed the medical opinion evidence; ECF No. 16 at 2.

**A. De Novo Hearing**

Plaintiff contends the ALJ erred by failing to conduct a *de novo* hearing as Chief Judge Rice ordered.  ECF No. 16 at 2.

The rule of mandate requires that, upon receiving the mandate of a reviewing court, a lower court cannot vary it or examine it for any other purpose than execution.  *See United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1996) (citations omitted).  The lower court's actions must be consistent with both the letter and the spirit of the higher court's decision.  *See Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979) (looking to whether post-mandate conduct of lower court was consistent "with either the spirit or the express terms of our decision").

Chief Judge Rice reversed and remanded the Commissioner's prior decision and ordered the Commissioner to conduct a *de novo* hearing and issue a new decision.  Remand Order at 1-2.

A *de novo* hearing means "all issues of law and fact must be determined anew and are not affected by the initial disposition."  *Costarelli v. Massachusetts*, 421 U.S. 193, 194 (1975); *see also Black's Law Dictionary* (10th ed. 2014) ("1. A

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

reviewing court's decision of a matter anew, giving no deference to a lower court's

findings.  2. A new hearing of a matter, conducted as if the original hearing had not

taken place.")  This requires the matter to be considered anew, "as if it had not be

heard before, and no decision was previously rendered."  *Ness v. Comm'r*, 954

F.2d 1495, 1497 (9th Cir. 1992) (citing *United States v. Silverman*, 861 F.2d 571,

576 (9th Cir. 1988)); *see also Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir.

2009) (requiring consideration of the issues without deference to the prior

decision).

ALJ Martz failed to comply with the remand order.  ALJ Martz found "the

issue on remand is very narrow, limited only to the onset date of the claimant's

disabling heart condition . . . ."  Tr. 761.  Therefore, she, "adopted ALJ Dethloff's

October 19, 2012 decision in its entirety, to the extent it is not inconsistent with the

order of the Appeals Council" and her decision.  *Id.*  This is not consistent with the

spirit or express terms of the Remand Order because, rather than considering the

issue anew, she relied on ALJ Dethloff's findings.  *Id.*

The Commissioner contests this reading of the remand order, contending

"[u]nder Plaintiff's theory of what constitutes a *de novo* review, the ALJ could

have reviewed her award for SSI payments, and found her not disabled for the

entire period."  ECF No. 20 at 8.  Even if true, it is unclear why that would militate

against Plaintiff's and this Court's interpretation of a *de novo* hearing.  Regardless,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

the Commissioner is wrong.  Chief Judge Rice limited the *de novo* hearing,

permitting the ALJ to "only consider the period prior to the established onset date

of December 9, 2004."  Remand Order at 2.  Accordingly, the Remand Order did

not and will not permit the ALJ to find Plaintiff "not disabled for the entire

period."  ECF No. 20 at 8.

The Commissioner next defends the ALJ's interpretation of the Remand

Order by citing law of the case.  The Commissioner contends the prior findings

became law of the case when this Court remanded the case without expressly

addressing ALJ Dethloff's findings.  ECF No. 20 at 9 (citing *Stacy v. Colvin*, __

F.3d __, 20016 WL 3165597 (9th Cir. June 7, 2016)).  The *Stacy* Court expressly

held that the rule of mandate and law of the case doctrines apply in social security

cases.  *Id.*  But it is the Court's remand instructions which constitute the law of the

case.  *See Ischay v. Barnhart*, 383 F. Supp. 2d 1199, 1217 (C.D. Cal. 2005) ("ALJs

have acknowledged throughout the years that the remand instructions they receive

from the federal district court are the law of the case."); *Holst v. Bowen*, 637 F.

Supp. 145, 147 n.3 (E.D. Wa. 1986) (noting the ALJ's acknowledgment that the

doctrine of the law of the case bound him to follow the district court's remand

orders).  Here, the Court's Remand Order instructed the ALJ to conduct a *de novo*

hearing, which required the matter to be considered anew, "as if it had not be heard

before, and no decision was previously rendered."  *Ness*, 954 F.2d at 1497.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

ALJ Martz conducted a new hearing, but did not decide the issues as if no decision had previously been issued. As the Commissioner acknowledges, ALJ Martz incorporated ALJ Dethloff's findings into her decision by reference. ECF No. 20 at 9. This was error and requires reversal and remand. *Sullivan v. Hudson,* 490 U.S. 877, 886 (1989) (deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal).

The appropriate remedy for failure to follow the district court's mandate is remand. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

On remand, the administrative law judge (ALJ) will further develop the record with a *de novo* hearing, and Plaintiff may raise any issue; the ALJ will only consider the period prior to the established onset date of December 9, 2004; the ALJ will take testimony from a medical expert, who can opine on the onset date of Plaintiff's disabling heart condition, and continue the sequential evaluation process, obtaining supplemental vocational expert testimony as necessary; the ALJ will issue a new decision.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence or free of legal error.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

**IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment (ECF No. 18) is **GRANTED** and the matter is remanded to the Commissioner for a *de novo* hearing pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the administrative law judge (ALJ) will further develop the record with a *de novo* hearing, and Plaintiff may raise any issue; the ALJ will only consider the period prior to the established onset date of December 9, 2004; the ALJ will take testimony from a medical expert, who can opine on the onset date of Plaintiff's disabling heart condition, and continue the sequential evaluation process, obtaining supplemental vocational expert testimony as necessary; the ALJ will issue a new decision.

2.    Defendant's Motion for Summary Judgment (ECF No. 22) is **DENIED**.

3.    An application for attorney's fee may be filed by separate motion.

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE PLAINTIFF**, **REMAND THE CASE FOR A DE NOVO HEARING,** provide copies to counsel, and **CLOSE** the file.

DATED this Monday, August 15, 2016.

*s/ Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE